# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SALVADOR GARCIA, | ) |
| Plaintiff, | ) ) ) ) Case No. 1:23-cv-16166 |
| v. | ) ) |
| FEDERAL RESERVE BANK OF CHICAGO, | ) ) |
| Defendant. | ) |

## COMPLAINT AT LAW

NOW COMES Salvador Garcia ("Garcia") by and through his attorney Jared M. Schneider of Schneider Law, P.C., and for his Complaint against Defendant Federal Reserve Bank of Chicago (the "Bank"), states as follows:

## INTRODUCTION

1. This is a complaint for unlawful discrimination. For years, Garcia served the Bank as a senior IT analyst, including through the worst parts of the COVID-19 pandemic. He has religious opposition to obtaining any of the COVID-19 vaccinations. In 2021, the Bank implemented a policy requiring its employees to obtain one of the COVID-19 vaccinations. After Garcia informed the Bank that he has religious opposition obtaining any of the shots, the Bank denied his religious-exemption request and fired him for not complying with its vaccine requirement.

## PARTIES AND VENUE

2. For years, Garcia worked for the Bank as a senior IT analyst. Garcia is a citizen of Illinois.

3. Defendant Federal Reserve Bank of Chicago. is a regional reserve bank of the Federal Reserve System, with its principal place of business in Chicago, Illinois.

4. This Court has subject matter jurisdiction under 28 U.S.C. §1331, as this case presents a federal question. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) because the Bank resides in the Northern District of Illinois.

## BACKGROUND

5. At all times relevant, Garcia is and has been a faithful Christian, who, like hundreds of millions of his brothers and sisters, practices his faith by diligently pursuing a personal relationship with Jesus Christ, the Son of the living God. Garcia draws closer to Jesus through prayer and by listening to God's Word, as revealed to him through the Holy Bible.

6. Garcia consults the Holy Bible to guide him through all of the obstacles in his life, and relies on it to help him make important life decisions, including those involving his physical, mental, and spiritual health.

7. As part of God's revelation to him, Garcia understands that because God created him perfectly and in His image, he is not to receive any vaccines, like the vaccinations indicated for COVID-19, that are intended to alter his immune system or any other part of body, as that would alter God's design. God calls Garcia to protect his body and not harm it, like by undergoing unnecessary and harmful medical treatments.

8. Moreover, Garcia knows that God sees a child growing inside their mother as a living being, and that God strictly prohibits murdering innocent life. Accordingly, Garcia is not only vehemently opposed to abortion, which he and God view as child murder, but also to the use of

any product that owes its existence to a product of abortion. Because all of the vaccinations indicated for COVID-19 were all either tested on, or developed with, material derived from kidneys that were extracted from children while they were still alive (*i.e.*, the HEK-293 cell line), the vaccinations are all products of abortion that are prohibited to Garcia. The statements contained in paragraphs 5-8 of this Complaint are referred to as "Garcia's Religious Beliefs."

9. At the time he was hired, Garcia became enrolled in a private, employer-based defined-contribution retirement plan (the "401(k) Plan").

10. The 401(k) Plan benefits provide that the Bank matches Garcia's contribution up to 6% of his pre-tax, base pay.

11. Moreover, the 401(k) Plan provides that Garcia becomes 20% vested in the Bank's contributions and investment earnings "for each year of service completed. Five years of service are required to be 100% vested."

12. Further, the Bank provides its regular help employees, including Garcia, with a "pension based on a calculation that includes an employee's salary and years of service" (the "Pension Plan"). This Pension, however, was conditioned on 5 years of vesting service: "An employee must complete five years of vesting service as an eligible employee in order to be eligible for any benefits under this Plan. If an employee's employment ends before he/she is vested, the employee will not be eligible to receive a benefit from the Plan."

13. As a senior IT analyst, part of Garcia's job consisted of supporting the Bank's IT infrastructure and its employees' use of that infrastructure. To facilitate this support, the Bank used several remote-support tools that allowed analysts like Garcia to access computers and

servers remotely, without having to interact face-to-face with other people. Accordingly, Garcia was able to perform the essential functions of his job with little to no close interaction with other people.

14. On August 19, 2021, the Bank implemented a policy requiring all employees to obtain by November 1, 2021, as a condition of employment, one of the vaccinations indicated for COVID-19.

15. On September 2, 2021, Kathryn Medina, Senior Vice President of People and Culture (*i.e.* human resources) ("Medina"), emailed Garcia about the Bank's vaccine accommodation process for people with religious opposition to vaccination. Medina stated that employees like Garcia would need to submit a request for religious exemption by October 1, 2021. She added that the Bank would respond no earlier than October 22, 2021.

16. On September 23, 2021, Garcia emailed the Bank's vaccination email inbox to inform it that he planned on submitting a religious exemption, and asked about the evaluation criteria. Marlene Adeniji, Assistant Vice President of Total Rewards, Benefits, Compensation & Payroll, confirmed that the Bank evaluated any requests under Title VII of the Civil Rights Act of 1964.

17. On October 1, 2021, Garcia submitted his request for religious exemption from vaccination ("Garcia's Request"), which contained his Religious Beliefs and requested an accommodation to work remotely.

18. On October 26, 2021, Garcia met remotely with Lee Ferron ("Ferron") and Lindsay Romanoff ("Romanoff") to discuss his request for religious exemption from vaccination.

19. During this meeting, Garcia confirmed to Ferron and Romanoff that he would wear a mask if he needed to work on-site. When Ferron asked if Garcia would be open to weekly testing, he did not refuse a testing accommodation, and would have accepted a testing accommodation if one was presented to him.

20. At the end of this meeting, Garcia exited, confident that the Bank would either approve his request to work remotely, or would ask him to wear a mask and test weekly.

21. Instead of accommodating his religious beliefs, on November 19, 2021, the Bank informed Garcia that it had denied his request for religious exemption. The Bank did not provide a reason for the denial, other than to say that any accommodation would present an undue hardship for the Bank.

22. On November 29, 2021, Ferron emailed Garcia and confirmed, among other things, that

> [T]he Bank did not deny your request based on whether your religious beliefs are sincerely held. In reviewing requests, the Bank looked carefully and thoughtfully at the job duties of each person requesting an accommodation. With respect to your specific request, it was determined that it was an undue hardship to the Bank to grant your request."

23. On December 7, 2021, after Garcia refused to compromise his religious beliefs and obtain one of the vaccinations indicated for COVID-19, the Bank terminated Garcia's employment.

24. On or about September 29, 2023, the EEOC provided Garcia with his Right to Sue Notice, a copy of which is attached and incorporated to this Complaint as Exhibit A.

## COUNT I – TITLE VII RELIGIOUS DISCRIMINATION

25. Garcia incorporates and realleges paragraphs 1 through 24 as if fully set forth herein as this Paragraph 25.

26. Garcia's Religious Beliefs, which prohibit him from accepting or obtaining any of the COVID-19 vaccines, are bona fide religious observances and practices.

27. The Bank failed to engage in a meaningful conversation to provide Garcia with a reasonable accommodation for his Religious Beliefs.

28. Despite the possibility of accommodating Garcia's Religious Beliefs via remote work, weekly testing, or a combination of both, the Bank refused to provide Garcia with any reasonable accommodation, instead stating, falsely, that any accommodation would be an "undue hardship."

29. Allowing Garcia to work remotely, and asking him to provide a negative test result prior to any necessary on-site work, is not an undue hardship for the Bank. In order words, allowing this accommodation would not be an excessive or unjustifiable imposition of extreme privation, adversity, or suffering for the Bank.

30. Had he not been fired for refusing to compromise his religious opposition to vaccination, Garcia expected to work at the bank for at least five years to allow his benefits under the Pension Plan and the 401(k) Plan to fully vest.

31. In violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e-2, the Bank discriminated against Garcia, who is unvaccinated due to his religious beliefs, by terminating his employment on December 7, 2021.

32. The Bank's religious discrimination violates Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.*, by discriminating against Garcia because of his religion. The Bank's misconduct has caused Garcia to lose salary, benefits under the 401(k) Plan and the Pension Plan, and other

employment benefits, and has caused Garcia severe emotional distress. The Bank's actions also subjected Garcia to a hostile environment.

WHEREFORE, Plaintiff Salvador Garcia prays this Court enter a judgment in his favor and against Defendant Federal Reserve Bank of Chicago in an amount to be proven at trial for his back pay, lost benefits, and compensatory damages; his attorney's fees and costs; and all such other relief as this Court deems fair and just.

**Pursuant to Federal Rule of Civil Procedure 38, Garcia hereby demands a trial by jury.**

Dated: November 21, 2023

Respectfully submitted,
SALVADOR GARCIA

By: */s/ Jared M. Schneider*
Jared M. Schneider, Esq. (ARDC # 6318314)
SCHNIEDER LAW, P.C.
400 West Seventh Street, Suite 105C
Bloomington, Indiana 47404
Tel: (812) 758-4888
Email: jared@schneiderpc.com